RENDERED:  APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0253-MR

ANDRE FANT, JR.                                                                                  APPELLANT

APPEAL FROM LYON CIRCUIT COURT
v.           HONORABLE CLARENCE A. WOODALL, III, JUDGE
ACTION NO. 17-CR-00160

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

JONES, JUDGE:  Andre Fant, Jr. (Fant), *pro se*, appeals from the Lyon Circuit

Court's order denying his motion to vacate his sentence pursuant to Kentucky Rule

of Criminal Procedure (RCr) 11.42 and for an evidentiary hearing.  We affirm.

## I. BACKGROUND

On June 29, 2017, while Fant was incarcerated and serving a seventy-year sentence at the Kentucky State Penitentiary (KSP), Kentucky State Police were notified that there was a disturbance at the prison. Record (R.) at 1-4, 178, 183. Six prisoners, including Fant, were charged with various crimes arising from the disturbance. R. at 8-9. Specifically, Fant was charged with riot in the first degree,[1] a Class D felony; three separate counts of assault in the third degree,[2] a Class D felony; and with being a persistent felony offender (PFO) in the second degree.[3] R. at 1-2.

On November 15, 2019, Fant entered a negotiated guilty plea. R. at 154-57. Pursuant to the terms of the plea agreement, Fant agreed to admit his guilt to the rioting count and two counts of third-degree assault. In return, the Commonwealth agreed to dismiss one of the assault counts and the PFO. The Commonwealth further agreed to recommend a four-year sentence for the rioting count to be run consecutively with five-year, concurrent sentences for the two assault counts, for a total of nine years. This nine-year sentence was to be consecutive to the seventy-year sentence Fant was serving at the time. R. at 158-

---

[1] Kentucky Revised Statute (KRS) 525.020.

[2] KRS 508.025.

[3] KRS 532.080.

59. Fant waived a separate sentencing hearing and was sentenced that same date in accordance with the Commonwealth's recommendations. R. at 160-62. A final judgment was entered on November 18, 2019. R. at 160-162.

On September 22, 2020, claiming ineffective assistance of counsel, Fant moved for relief under RCr 11.42 seeking to withdraw his guilty plea, set aside his sentence, and hold an evidentiary hearing. R. at 164-77. Specifically, Fant alleges that his attorney's belief and advice that this new sentence would not affect his parole eligibility date denied Fant effective assistance of counsel. R. at 164-77. On December 21, 2020, the trial court entered an order denying Fant's RCr 11.42 motion and his motion for an evidentiary hearing.[4] R. at 178-185. This appeal followed.

## II. STANDARD OF REVIEW

"The factual findings of the circuit court . . . are reviewed only for clear error, while the application of legal standards and precedents" in the trial court's denial of an RCr 11.42 motion "is reviewed *de novo*." *Commonwealth v. Thompson*, 548 S.W.3d 881, 887 (Ky. 2018) (citing *Brown v. Commonwealth*, 253

---

[4] Fant did not raise the issue of the trial court's denial of his motion for an evidentiary hearing in his appellate brief. The trial court is required to conduct an evidentiary hearing only "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted). Here, all issues can be decided based on the record.

S.W.3d 490, 500 (Ky. 2008)); *see also Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016).

### III. ANALYSIS

Fant argues that he was denied effective assistance of counsel because his trial counsel failed to correctly inform him that his sentence attendant to the guilty plea would extend his eligibility date for parole. However, we conclude that there is no reasonable probability that had Fant been given different advice, he would have risked going to trial.

A successful petition for relief under RCr 11.42 must meet the two prongs of analysis under *Strickland v. Washington*: (1) performance, and (2) prejudice. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).[5] Under *Strickland*, "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and "[s]econd, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Stated simply, the appellant must prove both that counsel erred, and

---

[5] *Strickland* is the controlling United States Supreme Court case law on the issue of ineffective assistance of counsel and, in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985), the Supreme Court of Kentucky adopted the *Strickland* standard.

that counsel's deficiency prejudiced his case; otherwise, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

The first prong of the *Strickland* standard is not in contention in this appeal. The trial court determined that counsel gave Fant incorrect advice about his parole eligibility as it relates to his guilty plea, stating: "It does appear that counsel's statement about parole eligibility was incorrect judging from the Department of Corrections apparently adding three more years to the previous maximum of 20 years under the existing sentence." R. at 183.

Nevertheless, Fant must still prove the second prong of the *Strickland* standard. The defendant has the duty to "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. RCr 11.42 requires that a movant allege specific facts that would render the plea involuntary under the Fourteenth Amendment's Due Process Clause and would render the guilty plea invalid under the Sixth Amendment to rise to the level of ineffective assistance of counsel. *See Fraser*, 59 S.W.3d at 455.

In the context of a guilty plea, "[a] conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough. The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been *rational*[.]"

*Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012) (emphasis added) (citation and footnote omitted). "The likelihood of a different result must be *substantial*, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011) (emphasis added).

The question is whether, had Fant been given correct advice from counsel, "there is a reasonable probability that he would have rejected the Commonwealth's plea offer and taken his chances at trial." *Stiger*, 381 S.W.3d at 237. Even if Fant had received correct advice from counsel, it would not have been rational for Fant to reject the offer. *Any* conviction for Fant's rioting and assault charges would have extended his parole eligibility. Acquittal was Fant's only chance to avoid such an extension, but Fant has made no claim that he was not guilty of the charges or that, had he insisted upon trial, a reasonable jury would have acquitted him of all charges. As the trial court noted, had Fant proceeded to trial, he would have been facing a sentence of up to twenty years. Ultimately, Fant's guilty plea resulted in his receiving parole eligibility sooner than if he had received the maximum sentence at trial.

Based on the strength of the Commonwealth's case and the penalties Fant faced if convicted by a jury, we must agree with the trial court that no rational person would have rejected the plea agreement, even if correctly advised on how the new sentences would affect his parole eligibility. *Id*. at 238. Given Fant's

failure to demonstrate any actual prejudice that resulted from counsel's putatively incorrect advice, the trial court did not err in denying Fant's motion.

## IV. CONCLUSION

For the foregoing reasons, we affirm the Lyon Circuit Court's order denying Fant's motion for relief pursuant to RCr 11.42.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Andrew Fant, Jr., *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky